**ERNSTROM & DRESTE, LLP**
Todd R. Braggins, Esq.
Bar Roll #: 501670
Attorneys for Plaintiff RLI Ins. Co.
925 Clinton Square
Rochester, New York 14604
Telephone: (585) 473-3100
Fax: (585) 473-3113
TBraggins@ed-llp.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RLI INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 8:18-CV-1038 (TJM/DJS) |
| vs. | (Breach of Contract) |
| TRACY TROMBLEY CONSTRUCTION CO., INC., MICHAEL E. TROMBLEY and VIRGINIA TROMBLEY, | |
| Defendants. | |

---

## COMPLAINT

Plaintiff RLI Insurance Company ("RLI"), by its attorneys, Ernstrom & Dreste LLP, for its Verified Complaint against Defendants Tracy Trombley Construction Co., Inc. ("Trombley"), Michael E. Trombley and Virginia Trombley (collectively "Defendants"), herein alleges as follows:

### PARTIES

1. Plaintiff RLI is a corporation organized under the laws of the State of Delaware and licensed to issue surety bonds in the State of New York, with a principal place of business located at 9025 N. Lindbergh Drive, Peoria, Illinois 61615.

2. Upon information and belief, Defendant Trombley was and is a New York

corporation with its principal place of business located at 912 Mason Street, Morrisonville, New York 12962.

3. Upon information and belief, Defendant Michael E. Trombley was and is an individual residing at 924 Mason Street, Morrisonville, New York 12962 and is the President of Trombley.

4. Upon information and belief, Defendant Virginia Trombley was and is an individual residing at 924 Mason Street, Morrisonville, New York 12962.

5. At all times relevant hereto, Trombley was and is a general contractor engaged in the business of construction.

## PRELIMINARY STATEMENT

6. This is an action for breach of contract, unjust enrichment, common law indemnification, and counsel fees. This is also an action for a declaratory judgment pursuant to 28 U.S.C. §2201, for the purpose of determining questions of actual controversy between the Plaintiff and Defendants, and declaring the rights and legal relations of all interested parties.

## JURISDICTION AND VENUE

7. This Court has jurisdiction founded upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00

8. Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. §1391 because Defendant Trombley is, or was at all material times relevant hereto, located in and doing substantial business in this District, and because a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

9.     On or about December 29, 2004, in order to induce RLI to consider issuing surety bonds on behalf of Trombley as bond principal, each of the Defendants executed an Agreement of Indemnity ("Indemnity Agreement") in favor of RLI. A true and complete copy of the Indemnity Agreement is attached hereto as **Exhibit A** and made a part hereof.

10.    Pursuant to the Indemnity Agreement, the Defendants agreed, jointly and severally, to exonerate, indemnify, and keep indemnified RLI from and against any and all liability for losses and/or expenses of whatsoever kind or nature, including but not limited to, interest, court costs and counsel fees, and from and against any and all such losses and/or expenses which RLI may sustain and incur by, among other reasons, having executed or procured execution of surety bonds on behalf of Trombley.

11.    Paragraph "SECOND" of the Indemnity Agreement (**Exhibit A**), titled "Indemnity" states, in pertinent part:

> The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of the agreement or (3) In enforcing any of the covenants and conditions of the Agreement.
>
> …In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all disbursement made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

12. Pursuant to the terms of the Indemnity Agreement, Defendants agreed to, among other things, jointly and severally indemnify RLI for any losses or expenses, including attorneys' fees, which RLI incurs by reason of having executed bonds on behalf of Trombley.

13. Trombley subsequently entered into numerous construction contracts with public and private owners for various public and private improvement projects. Pursuant to the requirements of certain contracts and/or pursuant to applicable law, Trombley was obligated to provide construction surety bonding.

14. Based, in part, upon the consideration given by the Defendants in executing the Indemnity Agreement, RLI agreed to issue certain surety bonds, including payment and performance bonds, on behalf of Trombley.

15. As relevant hereto, RLI issued the following bonds ("Bonds") on behalf of Trombley:

| **PROJECT** | **OBLIGEE** | **BOND NO.** | **AMOUNT** |
|---|---|---|---|
| Clinton CF – 44155C | NYSOGS | RNS0129352 | $1,673,800.00 |
| Franklin CF – 44183C | NYSOGS | RNS0129368 | $1,920,000.00 |
| Adirondack Regional Airport – General Contract #1 | Town of Harrietstown | RNS0129375 | $513,000.00 |
| Kent and Macomb Halls-Plattsburgh | SUNY | RNS0129373 | $548,000.00 |
| Capital Project Contract #1 – 2013-152 | Peru CSD | RNS0129376 | $730,000.00 |

16. Subsequent to the issuance of the Bonds, RLI received payment bond claims from various subcontractors, laborers, and/or suppliers on Trombley's bonded projects, alleging that Trombley failed to properly adhere to its payment obligations pursuant to its bonded contracts.

17. The payment bond claims that RLI received are the direct result of Trombley's failure to perform its obligations pursuant to its bonded contracts.

18. To protect RLI's interests and to evaluate the claims received, RLI retained legal

counsel and thereby incurred fees and expenses. The Defendants are liable for said counsel fees and expenses pursuant to the Indemnity Agreement.

19. Upon due investigation and upon the good faith belief that certain bond claims were valid, RLI paid numerous claims, incurred expenses, and remains exposed to future expenses.

20. As a result of the foregoing, RLI has incurred losses and expenses totaling $1,030,308.91 to date and continues to incur expenses in the prosecution of this action.

21. RLI has duly and fully performed all of its obligations pursuant to the Indemnity Agreement and the Bonds issued at the request of Trombley.

22. Despite due demand, Defendants have failed to indemnify RLI as required by the terms of the Indemnity Agreement.

23. All conditions precedent to bringing this action against Defendants have been performed by RLI or have already occurred.

## COUNT I
### (Breach of Contract – All Defendants)

24. Plaintiff repeats and realleges paragraphs "1" through "23" of the Complaint as if fully set forth herein.

25. RLI has fully performed its obligations under the terms of the Indemnity Agreement.

26. Defendants have failed to indemnify RLI for the losses, costs, and expenses incurred or to be incurred by RLI as a consequence of issuing the Bonds on behalf of Trombley.

27. In addition to other material breaches, Defendants' failure to indemnify Trombley constitutes a material breach of the Indemnity Agreement.

28. As a direct result of Defendants' material breaches of the Indemnity Agreement,

RLI has been damaged in a sum of at least $1,030,455.56.

29. By reason of the foregoing, RLI is entitled to judgment in its favor and against the Defendants, jointly and severally, in the sum of $1,030,455.56.

## COUNT II
### (Unjust Enrichment – All Defendants)

30. Plaintiff repeats and realleges paragraphs "1" through "29" of the Complaint as if fully set forth herein.

31. The sum of at least $1,030,455.56 is presently due and owing to RLI from Defendants for the services provided or rendered by RLI.

32. All of the Defendants received financial benefit from Trombley.

33. Michael E. Trombley and Virginia Trombley received either salary, draw, distribution, or bonuses from Trombley or otherwise benefited from a salary, draw, distribution, or bonus received from Trombley.

34. Defendants would not have been able to receive these financial benefits from Trombley without RLI's issuance of surety bonding on behalf of Trombley.

35. To permit the Defendants to retain the benefit of the services rendered by or through RLI without payment constitutes an unjust enrichment.

36. By reason of the foregoing, Plaintiff RLI is entitled to judgment in its favor against Defendants in the sum of $1,030,455.56.

## COUNT III
### (Common Law Indemnification – All Defendants)

37. Plaintiff repeats and realleges paragraphs "1" through "36" of the Complaint as if fully set forth herein.

38. By reason of the foregoing, RLI is the surety that issued the Bonds on behalf of

Trombley.

39. By further reason of the foregoing, RLI has incurred losses as a result of issuing the Bonds on behalf of Trombley.

40. Defendants have a common law obligation to indemnify, exonerate, and hold RLI harmless for the losses it incurred as a result of issuing the Bonds on behalf of Trombley.

41. By reason of the foregoing, Plaintiff RLI is entitled to judgment against Defendants in the sum of at least $1,030,455.56, plus interest, costs, and attorneys' fees associated with this lawsuit.

## COUNT IV
### (Declaratory Judgment)

42. Plaintiff repeats and realleges paragraphs "1" through "41" of the Complaint as if fully set forth herein.

43. Pursuant to the Indemnity Agreement, Defendants agreed to an express assignment of, among other things, all rights, claims, causes of action, and accounts receivable relating to or arising from issuance of any bonds on behalf of Trombley, and any contractual work or obligations referred to in any such bonds.

44. In particular, the Indemnity Agreement states, in the section entitled "ASSIGNMENT AND SECURITY INTEREST", as follows:

> THIRD: The Contractor and the Indemnitors (jointly and severally) hereby assign, transfer and set over, and grant a security interest to, the Surety, as collateral to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor and the Indemnitors to the Surety, whether currently in existence or hereafter arising and regardless of whether the same is currently contemplated, in the following (the Collateral):
>
> > (a) all the rights of the Contractor and/or Indemnitors arising in any manner (whether directly or indirectly) from the Bond; . . .

> \* \* \* \* \*
> (e) all accounts and accounts receivable, and all actions, causes of actions, claims and demands whatsoever which the contractor and/or Indemnitors may have or acquire against, any obligee, general contractor, subcontractor, intermediary, owner or other responsible party with regard to contractual work or obligation referred to in the Bonds or elsewhere.

Notwithstanding the foregoing, the assignment, transfer and security interest granted hereunder shall only be effective and valid upon the occurrence of any one or more of the following:

> (1) any abandonment, forfeiture or breach of any contracts or obligations referred to in the Bonds or of any breach of any said Bonds;
> (2) any breach of the provisions of any of the paragraphs of this Agreement;
> (3) a default in discharging such other indebtedness or liabilities when due….

45. The Indemnity Agreement further states, in the section entitled "ATTORNEY IN FACT" as follows:

> TWENTY-SECOND: The Contractor and Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all of the rights of the Contractor and Indemnitors assigned, transferred and set over to the Surety in this agreement, and in the name of the Contractor and Indemnitors to make, execute, and deliver any and all or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Contractor and Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety as such attorney-in-fact.

46. As set forth above, Trombley entered into Contract No. 44183C with the New York State Office of General Services ("OGS"), pursuant to which Trombley agreed to provide labor and materials in connection with the Franklin Correctional Facility Project ("Franklin CF Project"), and in connection with that contract, RLI issued Payment and Performance Bonds

numbered RNS0129368, both in the penal sum of $1,920,000.00.

47. Defendants are and have been in material breach of the Indemnity Agreement.

48. By virtue of said breaches, Trombley has assigned, transferred and set over to RLI, among other things, all of its contract rights with OGS relating to the Franklin CF Project, and pursuant to the Indemnity Agreement, RLI now possesses all rights attendant thereto.

49. Pursuant to its rights as Attorney-In-Fact, RLI has the right to exercise all of the Defendants' rights that have been assigned, transferred, and set over to RLI.

50. RLI's rights as Attorney-In Fact include, but are not limited to, the right to submit for final payment and receive the remaining contract balance totaling $350,569.44 from OGS on the Franklin CF Project.

51. Despite RLI's request that Trombley acknowledge its assignment to RLI of its contract rights with OGS relating to the Franklin CF Project, Trombley has refused to confirm and acknowledge said assignment and all rights attendant thereto, including RLI's right to submit for and receive final payment arising from said contract.

52. In addition, OGS, despite notice of the assignment and related contract rights as provided in the Indemnity Agreement, has refused to acknowledge RLI's status as assignee of Trombley's full contract rights or otherwise allow RLI to submit for final payment.

53. There exist questions of actual controversy between Plaintiff and the Defendants within the jurisdiction of the Court and involving the rights, legal relations, and liabilities of the parties under the Indemnity Agreement as aforesaid, which controversy may be determined by judgment of this Court, without other suits.

## COUNT V
**(Counsel Fees – All Defendants)**

54. Plaintiff repeats and realleges paragraphs "1" through "53" of the Complaint as if fully set forth herein.

55. The Indemnity Agreement provides that Defendants agree to indemnify RLI against any and all liability for losses and/or expenses of whatsoever kind or nature, including but not limited to interest, court costs and counsel fees which RLI may sustain or incur in connection with the Bonds.

56. By reason of the foregoing, RLI is entitled to its counsel fees incurred in this action.

57. By reason of the foregoing, RLI is entitled to judgment in its favor and jointly and severally against Defendants in an amount which cannot be presently ascertained, but which may be set by the Court.

**WHEREFORE**, Plaintiff RLI Insurance Company, demands judgment as follows:

a. On Count I, Breach of Contract, for judgment in its favor and against Defendants, jointly and severally, in the sum of $1,030,455.56; and

b. On Count II, Unjust Enrichment, for judgment in its favor and against Defendants in the sum of $1,030,455.56; and

c. On Count III, Common Law Indemnification, for judgment in its favor and against Defendants in the sum of $1,030,455.56; and

d. On Count IV, Declaratory Judgment, that this Court determine, adjudicate and declare the respective rights, liabilities and legal relations of the parties as follows:

  i. that Defendants Trombley, Michael E. Trombley and Virginia Trombley are and have been in material breach of the Indemnity Agreement;

  ii. that by virtue of said material breach, Defendant Trombley has assigned, transferred and set over to RLI any and all rights in connection with the Bond issued by RLI for the Franklin CF Project, including Trombley's contract with OGS relating to the Franklin CF Project, and pursuant to the Indemnity Agreement, RLI now possesses all rights attendant thereto;

  iii. that pursuant to its rights as Attorney-In-Fact, RLI has the right to exercise all of the rights of Defendants Trombley, Michael E. Trombley and Virginia Trombley that have been assigned, transferred, and set over to RLI; and

  iv. that RLI's rights as Attorney-In-Fact include, but are not limited to, the right to submit for and receive final payment from the assigned contract with OGS relating to the Franklin CF Project;

 e. On Count V, Counsel Fees, for judgment in its favor and against Defendants, jointly and severally, for counsel fees in an amount to be determined by the Court; and

 f. For reasonable attorneys' fees, costs and disbursement in this action; and

 g. For such other or further relief as this Court may deem just and proper.

Dated: August 30, 2018
   Rochester, New York

          **ERNSTROM & DRESTE, LLP**

       By: _____
          TODD R. BRAGGINS
          Bar Roll #: 501670
          *Attorneys for Plaintiff*
          *RLI Insurance Company*
          925 Clinton Square
          Rochester, NY 14604
          Telephone: (585) 473-3100
          TBraggins@ed-llp.com